OPINION OF THE COURT
Memorandum.
The order of the Appellate Division* should be affirmed, with costs, for the reasons stated in that court’s memorandum (104 AD2d 395). We would but note the significant distinctions between this case and Matter of United Petroleum Assn. v Williams (65 NY2d 708, affg on opn below 102 AD2d 491 [decided herewith].) In United Petroleum, the agency followed the procedures mandated by SEQRA and reached the rational conclusion, *720 supported by the record, that the proposed action would have no significant impact on the environment, obviating the need for preparation of an environmental impact statement (EIS). Here, by contrast, the respondent planning board failed to follow procedures requiring it to “make an initial determination whether an [EIS] need be prepared * * * as early as possible” (ECL 8-0109 [4]) and to compare possible impacts against the criteria listed in 6 NYCRR 617.11. In addition, the planning board issued a negative declaration instead of directing the preparation of an EIS, although they noted several respects in which the proposed project might adversely affect nearby water supplies and sewage disposal systems. This contravened the legislative mandate that an EIS be prepared when there is to be any proposed action that “may have a significant effect on the environment” (ECL 8-0109 [2] [emphasis added]).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.

 The Appellate Division order “remitting” the matter to the respondent planning board “for the preparation of an environmental impact statement (EIS) and such further proceedings * * * as it deems appropriate” is final for purposes of this court’s subject matter jurisdiction. The full relief sought, and thus the only relief available in this article 78 proceeding — i.e., annulment of that body’s approval of the development plan and its determination that no environmental impact statement is necessary, and direction that such a statement be prepared — has been granted by the Appellate Division. Any further action that the planning board may take in this matter could be reviewed by the courts only through a new article 78 proceeding (see, Matter of Sofair v State Univ. of N. Y. Upstate Med. Center Coll. of Medicine, 44 NY2d 475, 479).